ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
MAY 30 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| JAN'S HELICOPTER SERVICE, INC., ) | CIVIL ACTION 03-00002 |
| Plaintiff, ) | |
| vs. ) | |
| FEDERAL AVIATION ) | |
| ADMINISTRATION, ) | **MOTION TO DISMISS FOR** |
| ) | **LACK OF JURISDICTION** |
| Defendants. ) | |

The United States respectfully moves for the dismissal of the above entitled case due to a lack of jurisdiction.

The United States does not necessarily agree that the events described in the Plaintiff's Complaint are factually accurate nor that the decisions are administratively final. Taking Plaintiff's Complaint as true on its face, however, it is a cause of action against the Federal

Aviation Administration (FAA) for an action it has taken resulting in Plaintiff being not "authorized to operate [on Guam]."

The United States Court of Appeals maintains exclusive jurisdiction to review final decisions and actions made by the Federal Aviation Administration (FAA). *See* 49 U.S.C. § 46110; Roundtree v. United States, 40 F.3d 1036 (9th Cir. 1994). In Roundtree a pilot whose certificate was suspended challenged the FAA in U.S. District Court. The court in Roundtree dismissed the case for lack of jurisdiction and sanctioned the attorney. Unlike Roundtree this case is simply mistakenly filed in U.S. District. Cases challenging FAA decisions and actions are rare in this jurisdiction and exclusive jurisdiction for review of an agency action in the circuit courts is relatively unusual.

Clearly, the Ninth Circuit finds jurisdiction for causes of action against the FAA to be solely in the jurisdiction of the circuit courts. Tur v. Federal Aviation Administration, 104 F.3d 290 (9th Cir. 1996) (attack on false testimony of FAA official was collateral attack on merits of FAA decision, therefor district court was without jurisdiction); Clark v. Busey, 959 F.2d 808 (9th Cir. 1992) (district court lacked jurisdiction over suit challenging FAA publication of rule making petition summary even though plaintiff invoked All Writs Act which does empower federal courts to issue interlocutory relief for nonfinal agency action); Mace v. Skinner, 34 F.3d 854 (9th Cir. 1994) (no jurisdiction to review decisions of NTSB's upholding FAA orders where individuals had challenged constitutionality of procedures used to revoke aircraft mechanic certificate); Hawaii Helicopter Operators Association v. FAA, 51 F.3d 212 (9th Cir. 1995) (FAA regulations establishing special operating rules for helicopter tour operators in Hawaii upheld).

In the instant case, Jan's Helicopter Service is asking the Court for "(j)udgment in favor of Jan's and against the Federal Aviation Administration, ordering the rescission of the unauthorized July 31, 2002, grounding order and full restoration of Part 375.30 operating authority." *See* Plaintiff's Prayer for Relief in the COMPLAINT. Only a circuit court has that jurisdiction.

Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted this <u>28th</u> Day of May, 2003.

        LEONARDO M. RAPADAS
        United States Attorney
        Districts of Guam and CNMI

By: _____

        MIKEL W. SCHWAB
        Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I, Teresa Ann Catahay, hereby certify that on the 30th day of May, 2003, I caused to be served by hand-delivery, a copy of the foregoing Motion to Dismiss for Lack of Jurisdiction to the following attorney of record:

>   Elyze J. T. McDonald
>   Carlsmith Ball
>   Suite 401, Bank of Hawaii Building
>   134 West Soledad Avenue
>   Hagatna, Guam 96910

DATED this 30th day of May, 2003.

*Teresa Ann Catahay*
Clerk OA