LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel : (671) 472-7332
Fax : (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| JAN'S HELICOPTER SERVICE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL AVIATION ADMINISTRATION, <br><br> Defendant. | CV 03-00002 <br><br> **AFFIDAVIT OF AUSA IN SUPPORT OF MOTION TO SET ASIDE DEFAULT** |

I, Mikel W. Schwab, Assistant United States Attorney for the Districts of Guam and the Commonwealth of the Northern Mariana Islands, being duly sworn, do hereby depose and state as follows:

1. I am the Assistant United States Attorney for all civil cases and matters in the District of Guam and the District of the Northern Mariana Islands. My job responsibilities include legal assistance to all federal agencies and the defense of those agencies against claims filed in District Courts in the districts.

2. Some of the cases filed in the districts are specialized cases handled by specific divisions of the United States Department of Justice, with myself acting as local counsel to assist.

3. Cases involving aviation are specialized cases, as are cases that are damages covered by the Tucker Act for more than $10,000.00.

4. The above entitled case began as a challenge against actions of the Federal Aviation Administration. A Complaint was filed. The Complaint was answered with a Motion To Dismiss. The District Court granted the dismissal and the Plaintiff appealed the dismissal to the Ninth Circuit.

5. The Ninth Circuit affirmed the District Court's dismissal but also remanded the case on the question of whether the Plaintiff could claim damages under a constitutional taking theory.

6. A damages claim over actions taken by an employee of the F.A.A. for over $10,000.00 (Ten thousand dollars) would qualify the case for specialized legal counsel.

7. An affirmative declaration that the Plaintiff was seeking greater than $10,000.00 was anticipated by this AUSA. The declaration is required under LR 26.2(c) ("a computation of any damages claimed.").

8. In the interim, this AUSA did not place the case on either the calendaring system for cases of primary responsibility or for those handled by specialized counsel. This error was not intentional or malicious. The non-placement caused an immediate clerical error in the calendaring system.

9. Recently it has become increasingly clear that plaintiff's counsel would not be stating whether or not they were seeking greater than $10,000.00. Without that declaration, the case is the sole responsibility of this AUSA.

10. The AUSA had not placed the case on the calendaring system for either of the two tracts.

Without the declaration of greater than $10,000.00, the case should have been calendared for responses from this AUSA. It is the sole responsibility of the this AUSA to set the case on a Calendar that comports with the Scheduling Order.

11. **As a result, this AUSA did not timely file a Initial Disclosure as calendared in the Scheduling Order.**

12. This AUSA regrets the error and will take all diligent steps to correct the problem.

FURTHER this Affiant sayeth not.

Stated this 29th day of November, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney