CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Jan's Helicopters Service, Inc.



**FILED**
DISTRICT COURT OF GUAM

DEC 18 2006

**MARY L.M. MORAN
CLERK OF COURT**

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAN'S HELICOPTER SERVICE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>Defendant. | CIVIL CASE NO. CIV03-00002<br><br>**PLAINTIFF'S MOTION TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; EXHIBIT A; DECLARATION OF SERVICE** |

Plaintiff Jan's Helicopter Service, Inc. ("Jan's") hereby moves the Court for an order granting Jan's leave to amend its Complaint pursuant to Federal Rule of Civil Procedure 15. This motion is supported by the attached Memorandum of Points and Authorities, an exemplar of the proposed amended complaint attached as Exhibit A, and the records and files for this action.

DATED: Hagåtña, Guam, December 18, 2006.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Plaintiff
Jan's Helicopters Service, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

This action is on remand from the Ninth Circuit, 441 F.3d 726 (9th. Cir. 2006). On appeal, the Ninth Circuit affirmed the District Court's dismissal of certain claims and reversed and remanded Jan's constitutional takings claim for damages. Id. at 738. Jan's moves the Court for an order granting leave to amend its Complaint to be consistent with the Ninth Circuit remand order and to conform the complaint to the evidence concerning a certain FAA employee whose actions are at the heart of the takings claim.

It would at least appear that the FAA does not oppose this motion. In recently filed pleadings the FAA has made a point of noting that Jan's must amend its complaint to comport with the Ninth Circuit remand order. *See* Motion To Set Aside Default at 2, f.n. 1 (filed Nov. 29, 2006). Jan's takes this as the equivalent of the FAA having no opposition to the amended complaint or this motion. If the FAA does oppose that makes it self-evident that the FAA wants it both ways selecting at the given time which way best suits its purposes. For the reasons explained below, the proposed amendment meets Rule 15 standards and the Court should grant the motion to amend.

As noted above, the Ninth Circuit affirmed dismissal of all claims stated in the original complaint except the constitutional takings claim for damages. In recently filed pleadings the FAA has contended that the takings claim fails to state a claim on which relief may be granted because it is based on conduct of an FAA employee who at the time of the actions in question allegedly acted outside the scope of his employment. Correspondence authored by an FAA official shows this contention lacks merit. The proposed amended complaint will address the takings claim, the FAA's contention, and the evidence to the contrary. Jan's respectfully requests the Court to grant leave to amend under Fed. R. Civ. P. 15.

## II. LEGAL DISCUSSION

Pursuant to Fed. R. Civ. P. 15 leave to amend pleadings shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). The U.S. Supreme Court has written that the mandate of Rule 15(a) should be heeded. *Foman v. Davis*, 371 U.S. 178 (1962). The Ninth Circuit has held that Rule 15's policy of favoring amendments should be applied with "extreme liberality" and that absent bad faith, futility, undue prejudice or excessive delay, motions for leave to amend should generally be granted. *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Keiter v. Penn Mut. Ins. Co.*, 900 F. Supp. 1339, 1342 (D. Haw. 1995).

Here, Jan's seeks leave to amend the Complaint to conform to the Ninth Circuit's remand order and also to conform to certain evidence contained in the Record on Appeal. In particular, the amended complaint asserts only the claim remanded and addresses the FAA's contention that the FAA employee involved in the unlawful taking of Jan's property acted outside the scope of his employment.

None of the parties in this case will see any prejudice as a result of the Court granting leave to amend. The motion is timely and comes before any discovery by either party on the remanded claim. The amended complaint does not bring in any new parties to this case. The trial date is still twelve months away, and there is ample time for any additional discovery required, even though it is highly unlikely that the amendment will raise any new issues for discovery.

///

///

///

///

## III. CONCLUSION

For the foregoing reasons, Jan's respectfully requests that the Court grant it leave to amend its Complaint, an exemplar of which is attached as Exh. A.

DATED: Hagåtña, Guam, December 18, 2006.

CARLSMITH BALL LLP

*/s/ David Ledger*
DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Plaintiff
Jan's Helicopters Service, Inc.

# EXHIBIT "A"

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Americopters, LLC

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAN'S HELICOPTER SERVICE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL AVIATION ADMINISTRATION, <br><br> Defendant. | CIVIL CASE NO. CV03-00002 <br><br> **FIRST AMENDED COMPLAINT** |

On remand from the Ninth Circuit Court of Appeals, 441 F.3d 726 (9th. Cir. 2006), Plaintiff alleges the following:

1. The Court has original and exclusive jurisdiction of this action pursuant to 28 U.S.C. § 1331, there being federal and constitutional law questions for this Court to resolve.

2. Jan's Helicopter Service, Inc. ("Jan's") is a corporation organized and existing according to law.

3. The Federal Aviation Administration is an agency of the United States government, that pursuant to the Federal Aviation Act of 1958, as amended, regulates aircraft.

4. Venue is proper pursuant to 28 USC §1391(b)(2), as a substantial part of the

events on which the claims in this Complaint are based occurred in the Territory of Guam.

5. Jan's is the legal and registered owner of a deHavilland Caribou DCH-4A ("the Caribou"), call sign RPC 2702.

6. Jan's has operated the Caribou under 14 C.F.R. Part 375 – Navigation of Foreign Civil Aircraft within the United States - and specifically § 375.30 – Operations Other than Commercial Air Operations – since March 7, 2000, when the United States Department of Transportation advised that no additional DOT operating authority would be required. See Exhibit A. Such authority was conditional upon, among other things, unity of ownership between the Caribou and any cargo carried, and that once delivered, the cargo would not be used in the furtherance of Jan's business. Jan's met these conditions.

7. On one occasion, Jan's used the Caribou to transport a helicopter, also owned by Jan's, to another location in Micronesia.

8. Once delivered, the transported helicopter was not used in "the furtherance of Jan's business," under 14 C.F.R. 375.1 (definition of commercial air operations).

9. Mr. Lewis I. Ziegler is an agent of the Federal Aviation Administration and at all times pertinent, acted within the scope of his employment with the FAA.

10. On July 31, 2002 Mr. Ziegler, without prior notice or allowing Jans an opportunity to be heard in any manner, issued a directive to the Guam International Airport Authorities (GIAA) contending that Jan's Caribou was not "authorized to operate [on Guam]." In doing so Mr. Zeigler effectively grounded the aircraft; in particular, caused the Guam Airport authorities to subsequently ground the Caribou and deny the aircraft and its crew access to the taxiway and runway for legal non-cargo flights. See Exhibit B.

11. Mr. Ziegler kept his directive secret from Jans even after he issued it to the GIAA.

As a result, it was not until August 9, 2002, as the Caribou was preparing to taxi for a simple maintenance flight, that the GIAA grounded the Caribou. By not informing Jans of its actions, or providing Jans with notice prior to issuance of the directive grounding the aircraft, the FAA, through its employee Mr. Ziegler, acted in an arbitrary and capricious manner and otherwise unlawfully.

12. Understandably baffled, Jans asked the GIAA to explain why the aircraft was grounded. GIAA's response was that the FAA had revoked the Caribou's operating authority and, as proof, faxed Exh. B - Mr. Ziegler's July 31st email - to Jan's.

13. The response of the GIAA as described above is an endorsement that Mr. Ziegler was acting within the scope of his employment at all times pertinent. In fact, subsequently on November 22, 2002, the FAA confirmed in writing that Mr. Zeigler was acting within the scope of his employment.

14. Mr. Ziegler's actions, as an employee of the FAA, constituted an unlawful taking by the FAA of Jan's property without due process of law. In particular, Jans was unable to conduct flight operations. This caused Jans to lose money, business goodwill, future business, and to incur substantial expenses as a result of having to move the aircraft and conduct its flights from another location off of Guam.

15. As a result of the events described above Jans requested administrative review and relief and any form of opportunity to be heard.

16. The FAA denied Jans any opportunity to be heard and endorsed Mr. Ziegler's actions.

17. On November 22, 2002, Jan's received the FAA's written confirmation that Mr. Ziegler had acted within the scope of his employment

## COUNT I: VIOLATION OF DUE PROCESS UNDER AMENDMENT V

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. The actions of the FAA, through Mr. Zeigler as an employee of the FAA acting within the scope of his employment, constitute violations of due process under Amendment V to the United States Constitution and therefore, an illegal taking of Jans property.

WHEREFORE Plaintiff requests the following relief:

1. Judgment in favor of Jan's and against the Federal Aviation Administration.

2. Actual and consequential damages according to proof.

3. Attorney's fees and costs.

4. Such other and further relief as the Court deems proper.

DATED: Hagåtña, Guam, December _____, 2006.

CARLSMITH BALL LLP

> DAVID LEDGER
> ELYZE J. MCDONALD
> Attorneys for Plaintiff
> Americopters, LLC

4817-7488-4353.1.051998-00036                4.
Case 1:03-cv-00002    Document 36    Filed 12/18/2006    Page 9 of 10

# DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on December 18, 2006, I will cause to be served, via hand delivery, a true and correct copy of PLAINTIFF'S MOTION TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; EXHIBIT A; DECLARATION OF SERVICE upon the following Counsels of record:

>Mikel W. Schwab
>Assistant U.S. Attorney
>OFFICE OF THE UNITED STATES ATTORNEY
>DISTRICT OF GUAM AND CNMI
>Suite 500, Sirena Plaza
>108 Hernan Cortez Avenue
>Hagåtña, Guam USA 96910
>**Attorneys for Plaintiff United States of America**

Executed this 18th day of December 2006 at Hagåtña, Guam.

_____
DAVID LEDGER