CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Jan's Helicopter Service, Inc.

FILED
DISTRICT COURT OF GUAM
MAR 26 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAN'S HELICOPTER SERVICE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL AVIATION ADMINISTRATION, <br><br> Defendant. | CIVIL CASE NO. CV03-00002 <br><br> MOTION TO STAY DEFENDANT'S AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID P. LEDGER; DECLARATION OF SERVICE |

Plaintiff Jan's Helicopter Service, Inc. hereby moves the Court for an Order granting a Stay of Defendant Federal Aviation Administration's ("FAA") Amended Motion to Dismiss for Failure to State a Claim or, in the Alternative, to Transfer. This Motion is supported by the attached Memorandum of Points and Authorities and Declaration of David P. Ledger, and the records and files for this action.

DATED: Hagåtña, Guam, March 26, 2007.

CARLSMITH BALL LLP

*Elyze McDonald* (signature)

DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
Jan's Helicopter Service, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff moves to stay consideration of the FAA's Amended Motion to Dismiss. In a companion case, *Americopters, LLC v. Federal Aviation Administration*, Civil Case No. 03-00005, Americopters seeks a stay pending a deposition to be taken in that case. The *Americopters* case and the present case, although separate, have been handled as companion cases since the start of this litigation. In 2003, this Court entertained both cases for similar motions to dismiss, which decision ended up on appeal. The Ninth Circuit also consolidated the cases for the matters of the appeal. The FAA's current motions to dismiss in both cases were filed at the same time and their legal arguments mirror each other.

Although Jan's does not seek a deposition to be taken in response to the Motion to Dismiss filed against it, for the purposes of convenience and handling of these cases, Jan's asks that the Court similarly stay consideration of the FAA's motion to dismiss in order to entertain the motions in both cases at the same time.

In addition, Plaintiff asks for the stay on the grounds that the FAA has failed to comply with LR 7.1's provisions regarding the scheduling of a hearing on the motion. Plaintiff seeks a hearing date on the FAA's motion, and the FAA unjustifiably refuses to set a hearing date that would accommodate the parties' schedules. Plaintiff seeks a stay of the motion in order to allow Plaintiff an opportunity to be heard at oral argument in May 2007, which would accommodate Plaintiff's counsel's trial schedule.

## II. LEGAL DISCUSSION

Plaintiff has been diligent in seeking the FAA's cooperation in staying the Court's consideration of the Motion to Dismiss.

On March 13, 2007, the FAA filed an Amended Motion to Dismiss for Failure to State a Claim, or in the Alternative, to Transfer. Counsel for FAA did not comply with Local Rule 7.1 and contact counsel for Plaintiff to agree on a hearing date for said motion before filing said motion. Ledger Decl., ¶ 5. This is the second time counsel for the FAA has filed a potentially dispositive motion without first complying with LR 7.1 requiring counsel to agree on a hearing date and then submit an "Agreed Hearing Date" along with the motion. In particular, on November 29, 2006, counsel for FAA filed its first motion to dismiss or to transfer, also without regard for an agreed hearing date. Ledger Decl., ¶ 6.

Because the FAA was then in default, Plaintiff was not required to file an Opposition to the Motion to Dismiss. Ledger Decl., ¶ 7. However, counsel for Plaintiff discussed with counsel for the FAA that should the Court consider the motion to dismiss, Plaintiff would need sufficient time to conduct *limited* discovery in the *Americopters* case to oppose the motion.[1] Counsel for FAA was on actual as well as constructive notice that Plaintiff needed limited discovery from certain FAA officials to have a fair opportunity to oppose the grounds for dismissal stated in the motion to dismiss. There is nothing unusual or unique about conducting *limited* discovery to oppose a motion to dismiss or for summary judgment, in fact it is provided for in the Federal Rules of Civil Procedure. Ledger Decl., ¶ 8.

Notwithstanding having said actual and constructive notice of Plaintiff's need for limited discovery to oppose the FAA's motion to dismiss, notwithstanding LR 7.1 requiring an agreed hearing date, and notwithstanding filing the same motion dismiss save only a few different sentences, counsel for FAA on March 13, 2007 *again* filed a motion to dismiss without regard for an agreed hearing date or LR 7.1 requiring same. Ledger Decl., ¶ 9.

---

[1] Since the inception of these cases, the Jan's and Americopters cases have been handled by both counsel concurrently, to the point that the District Court entertained them together at the initial motions to dismiss in 2003, and the Ninth Circuit consolidated the cases during the appeal.

When Plaintiff was served with the FAA's amended motion to dismiss with no agreed hearing date counsel for Plaintiff immediately sent an e-mail message to FAA legal counsel, Asst. U.S. Atty. Mikel Schwab. Mr. Schwab's automated-email response stated he was off-island and referred persons to his staff, including Frances Leon Guerrero. Ledger Decl., ¶ 10. Counsel for Plaintiff immediately telephoned Ms. Leon Guerrero and spoke with her about the need to consult Mr. Schwab about a hearing date for the second motion to dismiss. Ms. Leon Guerrero informed counsel that Mr. Schwab would be back in his office the following Monday, March 19, 2007. Ledger Decl., ¶ 11. Counsel for Plaintiff requested Ms. Leon Guerrero to leave a message for Mr. Schwab to contact Plaintiff and informed her that counsel would also send another e-mail to Mr. Schwab. Ledger Decl., ¶ 11. Counsel for Plaintiff explained that the purpose was speak with Mr. Schwab about a hearing date for the motion to dismiss and that April 2007 would not be possible due to existing schedule conflicts including trials and other motions. Ledger Decl., ¶ 11.

During the week of March 19, 2007, Counsel for Plaintiff sent Mr. Schwab more emails asking him to contact me about a hearing date for the second motion to dismiss. Mr. Schwab did not contact counsel until Friday, March 23, 2007. Ledger Decl., ¶ 12. When Mr. Schwab telephoned counsel on March 23, 2007, Counsel for Plaintiff told him we needed to discuss a hearing date for his motion which would take into account the need to take *one single deposition* to gather evidence to oppose his motion to dismiss. Ledger Decl., ¶ 13. Mr. Schwab reacted angrily to counsel's request for time to take one deposition and said something to the effect that there was no time for any deposition because his client wanted the motion to dismiss heard as soon as possible. Ledger Decl., ¶ 13. Counsel for Plaintiff stated that my client was likewise anxious to have the motion decided but nonetheless was entitled to take limited discovery to

gather evidence to oppose the motion; *in particular, counsel described one key FAA document authored by the FAA on June 22, 2002, and gave Mr. Schwab the deponent's name and location, the FAA Flight Standards District Office in Honolulu, Hawaii.* Ledger Decl., ¶ 13. Limited discovery from one person employed by the FAA is critical to Plaintiff's fair opportunity to oppose the FAA's motion to dismiss. Ledger Decl., ¶ 13.

During counsel's conversation with Mr. Schwab on March 23, 2007, counsel for Plaintiff explained that his present trial and motion schedule would not permit him to take the one deposition in Honolulu and prepare an opposition to his motions during the month of April 2007. Counsel for Plaintiff requested a hearing date of approximately mid-May 2007. Mr. Schwab refused to agree to such a hearing date. Ledger Decl., ¶ 14. Counsel for Plaintiff then requested a hearing date of May 7, 2007, and again Mr. Schwab refused to agree. Mr. Schwab said he would only agree to May 7, 2007 *if Plaintiff agreed to forgo the deposition of the FAA employee in Honolulu.* Ledger Decl., ¶ 15. This seemed designed to gain a tactical advantage over Plaintiff by refusing to accommodate a reasonable request for a hearing date and in doing so also avoiding what is clearly a critical deposition to gather evidence to oppose the motion. Ledger Decl., ¶ 15.

Since Mr. Schwab insisted on an April 2007 hearing date Counsel for Plaintiff had no choice but to go along. Counsel informed Mr. Schwab that counsel was NOT agreeing to April 27, 2007 as a hearing date within the meaning of LR 7.1 requiring counsel to agree on a hearing date. Ledger Decl., ¶ 16.

Counsel informed Mr. Schwab that his insistence on an April 27, 2007 hearing date would require Plaintiff to file an opposition to the FAA motion on April 13, 2007, on which date Counsel for Plaintiff would be in trial in the District Court for the CNMI. Counsel for Plaintiff

also stated that his present trial and motion practice schedule would make it impossible to take the one deposition in Honolulu to meet an April 13, 2007 opposition date. Yet, Mr. Schwab would not relent to a May 2007 hearing date. As a result, Mr. Schwab has positioned himself to gain an unfair tactical advantage to undermine Plaintiff's opportunity to oppose the FAA's motion based solely on his unwillingness to hold the hearing just a few weeks after April 27, 2007, as well as his knowledge that Plaintiff's ability to fully respond to the April 27, 2007 hearing schedule is severely handicapped due to irreconcilable schedule conflicts. It is hardly difficult to see that being in trial on Saipan on the day an opposition to a dispositive motion is due is a severe handicap. Ledger Decl., ¶ 17.

The issues presented in the FAA's Amended Motion to Dismiss deal with the unauthorized conduct of its employees, in particular, the authority to issue binding orders upon Plaintiff. The issue of the FAA's employees' authority to issue orders, whether "final" or otherwise binding, and the FAA's oscillating position on this issue, was a subject of the appeal in this case, which ended in a remand to this Court, and which has set this litigation back four years. Even though the FAA had already been defaulted in this case (which was set aside only upon Plaintiff's filing of an amended complaint), the FAA now seeks to expedite consideration of dispositive issues that may again push this case into an appellate posture. These issues require exploration through thorough briefing, which the FAA has denied Plaintiff through a lack of cooperation on the simple task of settling on a deposition date for the companion *Americopters* case and a hearing date.

The circumstances of this case, and the communications between counsel, favor granting this stay in order to allow Plaintiff to thoroughly brief these issues before the Court

///

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court stay consideration of the FAA's Amended Motion to Dismiss.

DATED: Hagåtña, Guam, March 26, 2007.

CARLSMITH BALL LLP

/s/ *signature*
DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
Jan's Helicopter Service, Inc.

## DECLARATION OF DAVID P. LEDGER

I, DAVID P. LEDGER, pursuant to 28 U.S.C. Section 1746, declare under penalty of perjury that the following statements are true and correct:

1. I have personal knowledge of the facts stated in this declaration.

2. I would testify as to these facts if called by the Court.

3. I am licensed to practice law before all courts in Guam and am admitted to practice in this Court.

4. I am legal counsel for Plaintiff.

5. On March 13, 2007 Defendant Federal Aviation Administration (FAA) filed an Amended Motion to Dismiss for Failure to State a Claim, or in the Alternative, to Transfer. Counsel for FAA did not comply with Local Rule 7.1 and contact me to agree on a hearing date for said motion before filing said motion.

6. This is the second time counsel for the FAA has filed a potentially dispositive motion without first complying with LR 7.1 requiring counsel to agree on a hearing date and then submit an "Agreed Hearing Date" along with the motion. In particular, on November 29, 2006, counsel for FAA filed its first motion to dismiss or to transfer, also without regard for an agreed hearing date.

7. Because the FAA was then in default, Plaintiff was not required to file an Opposition to the Motion to Dismiss.

8. However, counsel for Plaintiff discussed with counsel for the FAA that should the Court consider the motion to dismiss, Plaintiff would need sufficient time to conduct *limited* discovery to oppose the motion. Counsel for FAA was on actual as well as constructive notice that Plaintiff needed limited discovery from certain FAA officials to have a fair opportunity to

oppose the grounds for dismissal stated in the motion to dismiss. There is nothing unusual or unique about conducting *limited* discovery to oppose a motion to dismiss or for summary judgment, in fact it is provided for in the Federal Rules of Civil Procedure.

9. Notwithstanding having said actual and constructive notice of Plaintiff's need for limited discovery to oppose the FAA's motion to dismiss, notwithstanding LR 7.1 requiring an agreed hearing date, and notwithstanding filing the same motion dismiss save only a few different sentences, counsel for FAA on March 13, 2007 *again* filed a motion to dismiss without regard for an agreed hearing date or LR 7.1 requiring same.

10. When I was served with the FAA's second motion to dismiss with no agreed hearing date I immediately sent an e-mail message to FAA legal counsel, Asst. U.S. Atty. Mikel Schwab. Mr. Schwab's automated-email response stated he was off-island and referred persons to his staff, including Frances Leon Guerrero.

11. I immediately telephoned Ms. Leon Guerrero and spoke with her about the need to consult Mr. Schwab about a hearing date for the second motion to dismiss. Ms. Leon Guerrero informed me that Mr. Schwab would be back in his office the following Monday, March 19, 2007. I requested Ms. Leon Guerrero to leave a message for Mr. Schwab to contact me and I informed her that I would also send another e-mail to Mr. Schwab. I explained that the purpose was speak with Mr. Schwab about a hearing date for the motion to dismiss and that April 2007 would not be possible due to existing schedule conflicts including trials and other motions.

12. During the week of March 19, 2007 I sent Mr. Schwab more emails asking him to contact me about a hearing date for the second motion to dismiss. Mr. Schwab did not contact me until Friday, March 23, 2007.

13. When Mr. Schwab telephoned me on March 23, 2007 I told him we needed to discuss a hearing date for his motion which would take into account the need to take *one single deposition* to gather evidence to oppose his motion to dismiss. Mr. Schwab reacted angrily to my request for time to take one deposition and said something to the effect that there was no time for any deposition because his client wanted the motion to dismiss heard as soon as possible. I stated that my client was likewise anxious to have the motion decided but nonetheless was entitled to take limited discovery to gather evidence to oppose the motion; *in particular, I described one key FAA document authored by the FAA on June 22, 2002 and gave Mr. Schwab the deponent's name and location, the FAA Flight Standards District Office in Honolulu, Hawaii*. Limited discovery from one person employed by the FAA is critical to Plaintiff's fair opportunity to oppose the FAA's motion to dismiss.

14. During my conversation with Mr. Schwab on March 23, 2007 I explained that my present trial and motion schedule would not permit me to take the one deposition in Honolulu and prepare an opposition to his motions during the month of April 2007. I requested a hearing date of approximately mid-May 2007. Mr. Schwab refused to agree to such a hearing date.

15. I then requested a hearing date of May 7, 2007, and again Mr. Schwab refused to agree. Mr. Schwab said he would only agree to May 7, 2007 *if I agreed to forgo the deposition of the FAA employee in Honolulu*. To me this seemed designed to gain a tactical advantage over my client by refusing to accommodate a reasonable request for a hearing date and in doing so also avoiding what is clearly a critical deposition to gather evidence to oppose the motion.

16. Since Mr. Schwab insisted on an April 2007 hearing date I had no choice but to go along. *I informed Mr. Schwab that I was NOT agreeing to April 27, 2007 as a hearing date within the meaning of LR 7.1 requiring counsel to agree on a hearing date.*

17. I informed Mr. Schwab that his insistence on an April 27, 2007 hearing date would require me to file an opposition to the FAA motion on April 13, 2007, on which date I would be in trial in the District Court for the CNMI. I also stated that my present trial and motion practice schedule would make it impossible to take the one deposition in Honolulu to meet an April 13, 2007 opposition date. Yet, Mr. Schwab would not relent to a May 2007 hearing date. As a result, Mr. Schwab has positioned himself to gain an unfair tactical advantage to undermine my client's opportunity to oppose the FAA's motion based solely on his unwillingness to hold the hearing just a few weeks after April 27, 2007, as well as his knowledge that my client's ability to fully respond to the April 27, 2007 hearing schedule is severely handicapped due to irreconcilable schedule conflicts. It is hardly difficult to see that being in trial on Saipan on the day an opposition to a dispositive motion is due is a severe handicap.

18. Plaintiff submits this declaration in support of its motion to stay the April 27, 2007 hearing date to such a date in May 2007 which would permit Plaintiff to take one deposition and prepare a proper opposition to the FAA's motion to dismiss.

19. I declare under penalty of perjury that the foregoing paragraphs 1-18 are true, correct and complete to the best of my knowledge and belief.

Executed this 26th day of March 2007 at Hagåtña, Guam.

                                            DAVID P. LEDGER

## DECLARATION OF SERVICE

I, ELYZE J. McDONALD, hereby declare under penalty of perjury of the laws of the United States, that on March 26, 2007, I will cause to be served, via hand delivery, a true and correct copy of **MOTION TO STAY DEFENDANT'S AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID P. LEDGER; DECLARATION OF SERVICE** upon the following Counsels of record:

> Mikel W. Schwab
> Assistant U.S. Attorney
> OFFICE OF THE UNITED STATES ATTORNEY
> DISTRICT OF GUAM AND CNMI
> 108 Hernan Cortez Avenue
> Hagåtña, Guam USA 96910
> **Attorneys for Plaintiff United States of America**

Executed this 26th day of March 2007 at Hagåtña, Guam.

_____
ELYZE J. MCDONALD