CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Jan's Helicopter Service, Inc.

FILED
DISTRICT COURT OF GUAM
MAR 26 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAN'S HELICOPTER SERVICE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL AVIATION ADMINISTRATION, <br><br> Defendant. | CIVIL CASE NO. CV03-00002 <br><br> **PLAINTIFF'S *EX PARTE* APPLICATION TO SHORTEN TIME TO HEAR MOTION TO STAY DEFENDANT'S AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELYZE J. MCDONALD; DECLARATION OF SERVICE** |

Plaintiff Jan's Helicopter Service, Inc. hereby applies *Ex Parte* to the Court for an order shortening time to hear its Motion to Stay Defendant's Amended Motion to Dismiss for Failure to State a Claim or, in the Alternative, to Transfer. This application is supported by the attached Memorandum of Points and Authorities and the attached Declaration of Elyze J. McDonald.

DATED: Hagåtña, Guam, March 26, 2007.

CARLSMITH BALL LLP

/s/ Elyze J. McDonald
_____
DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
Jan's Helicopter Service, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff applies to the Court Ex Parte for an Order shortening time to hear its motion to stay the FAA's Amended Motion to Dismiss for Failure to State a Claim, or, in the Alternative, to Transfer.

The FAA failed to cooperate with Plaintiff in agreeing to a hearing date, as required under LR 7.1. As noted in the Declaration of David P. Ledger attached to Plaintiff's Motion to Stay, filed concurrently herewith, the FAA waited until days before Plaintiff's Opposition was due (as without a hearing date, the motion to dismiss was set on a non-oral argument calendar) to respond to Plaintiff's request to establish a hearing date on the motions to dismiss. The FAA is aware that Plaintiff seeks a hearing date. In failing to so cooperate, the FAA has prejudiced Plaintiff, in that Plaintiff's Opposition is due tomorrow, March 27, 2007, even though the FAA has informally agreed that Plaintiff may have more time to file a response.

Plaintiff's Motion to Stay discusses the reasons for the request for a stay, which include the scheduling of a deposition required to oppose the motion to dismiss, and the failure of the FAA to comply with LR 7.1 and cooperate in settling on a hearing date. Plaintiff incorporates herein the Declaration of David P. Ledger, attached to the Motion to Stay, filed concurrently herewith. Mr. Ledger's Declaration outlines the various efforts that Plaintiff exerted in order to communicate with FAA's counsel and set a hearing date on the motion to dismiss. As Mr. Ledger's Declaration exhibits, FAA's counsel has evaded Mr. Ledger and acted irrationally in settling upon a hearing date.

Time now appears to be of the essence, because without an agreed hearing date, Plaintiff's Opposition to the motion to dismiss is due tomorrow, March 27, 2007. Through this ex parte application and the motion to stay, Plaintiff seeks a stay of the motion in order to establish a hearing date that would accommodate Plaintiff's counsel's trial schedule and to

accommodate further needed discovery in the companion case, *Americopters LLC v. Federal Aviation Administration*, Civil Case No. 03-00005.

For the foregoing reasons, Plaintiff applies ex parte to this Court to shorten time to hear its motion to stay the FAA's amended motion to dismiss.

DATED: Hagåtña, Guam, March 26, 2007.

CARLSMITH BALL LLP

*/s/ Elyze McDonald*
DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
Jan's Helicopter Service, Inc.

## DECLARATION OF ELYZE J. McDONALD

I, ELYZE J. McDONALD, pursuant to 28 U.S.C. Section 1746, declare under penalty of perjury that the following statements are true and correct:

1. I have personal knowledge of the facts stated in this declaration.

2. I would testify as to these facts if called by the Court.

3. I am licensed to practice law before all courts in Guam and am admitted to practice in this Court.

4. I am legal counsel for Plaintiff.

5. On March 26, 2007, I contacted Defendant's Attorney Mikel Schwab to inform him that I am applying Ex Parte to the Court to shorten time to hear Plaintiff's Motion to Stay Defendant's Amended Motion to Dismiss for Failure to State a Claim or, in the Alternative, to Transfer.

6. According to his assistant Marie Chenery, Mr. Schwab was not available because he was in a deposition this morning. Ms. Chenery stated that she will relay the message to him.

7. I do not know whether Mr. Schwab opposes this ex parte application or if he intends to be present should the Court consider the application at a hearing.

8. I declare under penalty of perjury that the foregoing paragraphs are true, correct and complete to the best of my knowledge and belief.

Executed this 26th day of March 2007 at Hagåtña, Guam.

_____
ELYZE J. MCDONALD

## DECLARATION OF SERVICE

I, ELYZE J. McDONALD, hereby declare under penalty of perjury of the laws of the United States, that on March 26, 2007, I will cause to be served, via hand delivery, a true and correct copy of **PLAINTIFF'S *EX PARTE* APPLICATION TO SHORTEN TIME TO HEAR MOTION TO STAY DEFENDANT'S AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELYZE J. McDONALD; DECLARATION OF SERVICE** upon the following Counsels of record:

>   Mikel W. Schwab
>   Assistant U.S. Attorney
>   OFFICE OF THE UNITED STATES ATTORNEY
>   DISTRICT OF GUAM AND CNMI
>   108 Hernan Cortez Avenue
>   Hagåtña, Guam USA 96910
>   **Attorneys for Plaintiff United States of America**

Executed this 26th day of March 2007 at Hagåtña, Guam.

*/s/ Elyze J. McDonald*
ELYZE J. MCDONALD