DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JAN'S HELICOPTER SERVICE, INC., | Civil Case No. 03-00002 |
| Plaintiff, | |
| vs. | **ORDER RE: MOTION TO STAY DEFENDANT'S MOTION TO DISMISS AND *EX PARTE* APPLICATION TO SHORTEN TIME** |
| FEDERAL AVIATION ADMINISTRATION, | |
| Defendant. | |

This case is before the court on the Plaintiff Jan's Helicopter Service, Inc.'s Motion to Stay Defendant's Motion to Dismiss and *Ex Parte* Application to Shorten Time to Hear Plaintiff's Motion to Stay Defendant's Motion to Dismiss. Pursuant to Local Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1]

The court notes that Plaintiff's counsel has previously moved for a "stay of proceedings" instead of asking for an extension of time when faced with a looming deadline.[2] Moving for a stay under such circumstances is improper. In addition, moving *ex parte* to stave off a looming

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

[2] *See* Guam Industrial Services, dba Guam Shipyard v. Transatlantic Lines, Civil Case No. 06-00033, fn. 1. In this case, counsel sought a stay of the proceedings because an opposition was due, the court noted that "[a]fter reviewing Guam Shipyard's submissions the court finds that this motion is more appropriately characterized as a request for extension of time to file an opposition.

1 deadline is an abuse of the process.  Counsel fails to explain how needing more time to file an
2 opposition is an emergency or a matter needing the court's urgent attention.  Counsel is advised
3 that disrupting the judicial process in this manner may result in the imposition of sanctions.

4     Counsel claims that the Defendant failed to comply with Local Rule 7.1 in setting a
5 hearing date that was acceptable to both the parties.  However, that rule does not require that a
6 party ask for oral argument.  Only when oral argument is sought must counsel file an Agreement
7 of Hearing Date. Where oral argument is not requested, the opposition is due fourteen days after
8 the filing of the motion.  *See* Local Rule 7.1(d)(2).  There is nothing to suggest that counsel did
9 not realize that the opposition was due on March 27, 2007 if the matter was not set for a hearing.
10 Under the circumstances, when the Plaintiff realized it would need more time to comply with the
11 rules, it should have properly moved for an extension of time.  The court finds no basis for the
12 Plaintiff's motion, and accordingly **DENIES** both the Motion to Stay and the *Ex parte*
13 Application to Shorten Time.

14     However, due to the court's scheduling needs, the court sets the following briefing
15 schedule.  The opposition to the Amended Motion to Dismiss or, in the alternative, to  Transfer
16 is due on April 17, 2007, and the reply is due on April 24, 2007.  The hearing on the motion is
17 hereby scheduled for May 8, 2007 at 10:30 a.m.

18     **SO ORDERED**.



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Mar 27, 2007**