LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
108 Hernan Cortez Ave.
Sirena Plaza, Ste. 500
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for United States of America

UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

| | |
|---|---|
| JAN'S HELICOPTER SERVICE, INC., <br><br> Plaintiff, <br><br> vs. <br> FEDERAL AVIATION ADMINISTRATION, <br><br> Defendant. | CIVIL NO. 03-00002 <br><br><br><br> **REPLY OF THE UNITED STATES** |

The United States contends first and foremost that dismissal should be granted. Plaintiff's only opportunity to avoid immediate dismissal is the characterization of Plaintiff's claim as a takings claim pursuant to the Tucker Act. The Ninth Circuit characterized the surviving cause of action in this case as a "taking". Americopters v. FAA, 441 F.3d 726, 738 (9th Cir. 2006) ("We AFFIRM the district court's dismissal of the complaints, except the constitutional claims for damages (takings claims)").

Plaintiff's claim in the Amended Complaint is not specifically pled, alleging broadly that the "actions of the FAA, through... an employee... acting within the scope of his employment, constitutes violations of due process... and therefore, an illegal taking of (plaintiff's) property." Clearly, the Court of Federal Claims would have jurisdiction under 28 U.S.C.A. § (a)(1), to initially entertain the takings claim (though the United States would contend that the claim would ultimately fail).

In the case of Lion Raisins v. United States, 416 F.3d 1356 (C.A. Fed 2005), the Court of Federal Claims held that it had jurisdiction over the takings claims against the United States based on the actions of "an agent of the United States." 416 F.3d at 1358 and 1362. The Tucker Act provides jurisdiction for " any claim against the United States founded ... upon the Constitution." 28 U.S.C. § 1491(a)(1)(2000). "This includes on its face all takings claims against the United States." 416 F.3d 1362, *citing* Presault v. Interstate Commerce Com'n, 494 U.S. 1, 11, 110 S.Ct. 914 (1990). The action in Lion was ultimately dismissed because the "Tucker Act review of takings claims is precluded where Congress has provided a specific and comprehensive scheme for administrative and judicial review." 416 F.3d at 1372. (Interesting to note that Lion had voluntarily dismissed its first cause of action, "leaving only the takings claim." Id at 1361.) Jurisdiction to entertain claims against the United States for money damages in excess of $10,000 is exclusively in the Court of Federal Claims.

Again the Court of Federal Claims had jurisdiction where an egg business claimed the actions of a U.S. agency caused their inventory of eggs to be tested, thus delegating them to the

2

less profitable breaker egg market. Rose Acre Farms, Inc. v. U.S., 373 F.3d 1177 (C.A. Fed 2004).

Lion Raisins and Rose Acre are both representative of takings claims related to a business interest.

It is well settled that, absent an independent basis for an award of damages, an alleged violation of the constitutional guarantee by the fifth amendment of due process does not result in Court of Federal Claims jurisdiction. Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997)(wrongful seizure claim). However, to the extent that Plaintiff is seeking money damages for a due process violation, as opposed to a "taking", the District Court and the Court of Federal Claims would both be without jurisdiction. Adams v. U.S., 20 Cl.Ct. 132 (1990). "An unauthorized or unlawful taking is not compensable under the fifth amendment, but is a claim sounding in tort." 20 Cl.Ct. at 137. The Federal Torts Claims Act governs the torts that Plaintiff can bring against the United States. Misrepresentation would not be a compensable tort under the Act. 20 Cl.Ct at 135. To the extent that the FAA's conduct involved a policy judgment, it would not be reviewable under the Act. An allegation of simple mismanagement or negligent supervision would also not have jurisdiction in either court. Id at 136.

The United States, "as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941); accord Furash & Company v. United States, 46 Fed. Cl. 518, 520 (2000), aff'd 252 F.3d 1336 (Fed. Cir. 2001). The "'limitations and

3

conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.'" Lehman v. Nakshian, 453 U.S. 156, 161 (1981) (quoting Soriano v. United States, 352 U.S. 270, 276 (1957)); accord NEC Corp v. United States, 806 F.2d 247, 249 (Fed. Cir. 1986). A waiver of the traditional sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

When Congress authorizes a claimant to bring suit against the United States, it is the terms of the statute waiving sovereign immunity which define the extent of the court's jurisdiction to entertain claims for money against the United States. United States v. Sherwood, 312 U.S. 584, 591 (1941).

Either the action complained of was an authorized taking, within the jurisdiction of the Court of Federal Claims, or it is unauthorized, sounding in tort and subject to immediate dismissal.

The FAA authority in this case is set out clearly in 14 C.F.R. § 13.20 (a) and (l) (attached as Exhibit A) (*see also* Americopters, at 730 fn 3, citing FAA Order 2150). The only FAA official in this region with delegated authority to issue an "order", causing a cease-and-desist or a grounding, is the Western Pacific Regional Counsel. That Counsel effectively had the sole authority to order Ameicopters to cease conducting operations from the roof of Chuck's Steakhouse in the congested area of Upper Tumon, and the authority to not allow Jan's to operate its foreign registered Caribou aircraft from Guam's runway without prior DOT or FAA approval.

4

The Regional Counsel issued a letter (in the case of Jan's, one month after the unauthorized action) to both Americoptors and Jan's clearly stating his sole authority and that the acts by other employees of the FAA were not authorized (letter attached as Exhibit B).

The real problem for the Plaintiff is that once someone had exposed the safety dangers of operating off the roof of the steak house, and the absence of DOT approval for a non-US registered, vintage aircraft, it was increasingly difficult or impossible to maintain a false front of safety and legitimacy.

The Ninth Circuit referred to Plaintiff's "quixotic pursuit of the wrong remedies". Americopters at 734. If Plaintiff now denies the one probable avenue available to prolong the pursuit of the takings claim, plaintiff is left with no set of facts that could continue to support a claim against the United States and dismissal should be granted now.

Respectfully submitted this 26th day of April, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

5

## CERTIFICATE OF SERVICE

I, Marie Chenery, working in the United States Attorney's Office, hereby certify that I caused to be served via e-mail a copy of the **REPLY OF THE UNITED STATES** to:

David Ledger
*dledger@carlsmith.com*

Carlsmith Ball LLP
Bank of Hawaii Bldg. Ste. 401
134 W. Soledad Ave.
Hagåtña, GU 96910

Dated: April 26, 2007

Marie Chenery
Paralegal

14 C.F.R. § 13.20

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
  Title 14. Aeronautics and Space
    Chapter I. Federal Aviation Administration, Department of Transportation
      Subchapter B. Procedural Rules
        Part 13. Investigative and Enforcement Procedures (Refs & Annos)
          Subpart C. Legal Enforcement Actions

→§ 13.20 Orders of compliance, cease and desist orders, orders of denial, and other orders.

(a) This section applies to orders of compliance, cease and desist orders, orders of denial, and other orders issued by the Administrator to carry out the provisions of the Federal Aviation Act of 1958, as amended, the Hazardous Materials Transportation Act, the Airport and Airway Development Act of 1970, and the Airport and Airway Improvement Act of 1982, or the Airport and Airway Improvement Act of 1982 as amended by the Airport and Airway Safety and Capacity Expansion Act of 1987. This section does not apply to orders issued pursuant to section 602 or section 609 of the Federal Aviation Act of 1958, as amended.

(b) Unless the Administrator determines that an emergency exists and safety in air commerce requires the immediate issuance of an order under this section, the person subject to the order shall be provided with notice prior to issuance.

(c) Within 30 days after service of the notice, the person subject to the order may reply in writing or request a hearing in accordance with Subpart D of this part.

(d) If a reply is filed, as to any charges not dismissed or not subject to a consent order, the person subject to the order may, within 10 days after receipt of notice that the remaining charges are not dismissed, request a hearing in accordance with Subpart D of this part.

(e) Failure to request a hearing within the period provided in paragraphs (c) or (d) of this section--

(1) Constitutes a waiver of the right to appeal and the right to a hearing, and

(2) Authorizes the official who issued the notice to find the facts to be as alleged in the notice, or as modified as the official may determine necessary based on any written response, and to issue an appropriate order, without further notice or proceedings.

(f) If a hearing is requested in accordance with paragraph (c) or (d) of this section, the procedure of Subpart D of this part applies. At the close of the hearing, the Hearing Officer, on the record or subsequently in writing, shall set forth findings and conclusions and the reasons therefor, and either--

(1) Dismiss the notice; or

(2) Issue an order.

(g) Any party to the hearing may appeal from the order of the Hearing Officer by filing a notice of appeal with the Administrator within 20 days after the date of issuance of the order.

(h) If a notice of appeal is not filed from the order issued by a Hearing Officer, such order is the final agency order.

(i) Any person filing an appeal authorized by paragraph (g) of this section shall file an appeal brief with the Administrator within 40 days after the date of issuance of the order, and serve a copy on the other party. A reply brief must be filed within 20 days after service of the appeal brief and a copy served on the appellant.

(j) On appeal the Administrator reviews the available record of the proceeding, and issues an order dismissing, reversing, modifying or affirming

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



14 C.F.R. § 13.20

the order. The Administrator's order includes the reasons for the Administrator's action.

(k) For good cause shown, requests for extensions of time to file any document under this section may be granted by--

(1) The official who issued the order, if the request is filed prior to the designation of a Hearing Officer; or

(2) The Hearing Officer, if the request is filed prior to the filing of a notice of appeal; or

(3) The Administrator, if the request is filed after the filing of a notice of appeal.

(l) Except in the case of an appeal from the decision of a Hearing Officer, the authority of the Administrator under this section is also exercised by the Chief Counsel, Deputy Chief Counsel, each Assistant Chief Counsel, each Regional Counsel, and the Aeronautical Center Counsel (as to matters under Title V of the Federal Aviation Act of 1958).

(m) Filing and service of documents under this section shall be accomplished in accordance with § 13.43; and the periods of time specified in this section shall be computed in accordance with § 13.44.

[Amdt. 13-17, 53 FR 33783, Aug. 31, 1988; Amdt. 13-19, 54 FR 39290, Sept. 25, 1989; Doc. No. 29010; Amdt. 13-29, 62 FR 46865, Sept. 4, 1997]

SOURCE: Amdt. 13-14, 44 FR 63723, Nov. 5, 1979; 53 FR 33783, Aug. 31, 1988; 53 FR 34653, Sept. 7, 1988; 55 FR 15128, April 20, 1990; 58 FR 50241, Sept. 24, 1993; 59 FR 44268, Aug. 26, 1994; Amdt. 13-25, 60 FR 67254, Dec. 28, 1995; Amdt. 13-28, 61 FR 67445, Dec. 20, 1996; 62 FR 4134, Jan. 29, 1997; Amdt. 13-32, 69 FR 59495, Oct. 4, 2004; Amdt. 13-33, 71 FR 28522, May 16, 2006; 71 FR 70464, Dec. 5, 2006, unless otherwise noted.

AUTHORITY: 18 U.S.C. 6002; 28 U.S.C. 2461 (note); 49 U.S.C. 106(g), 5121-5128, 40113-40114 , 44103-44106, 44702-44703, 44709-44710, 44713, 46101-46111, 46301, 46302 (for a violation of 49 U.S.C. 46504), 46304-46316, 46318, 46501-46502, 46504-46507, 47106, 47107, 47111, 47122, 47306, 47531-47532; 49 CFR 1.47.

14 C. F. R. § 13.20, 14 CFR § 13.20

Current through April 19, 2007; 72 FR 19673

Copr. © 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Western-Pacific Region
Office of the Regional Counsel

P.O. Box 92007
Los Angeles, CA 90009-2007

**U.S. Department of Transportation**
**Federal Aviation Administration**

SEP 19 2002

David P. Ledger, Esq.
CARLSMITH BALL LLP
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagatna, Guam 96932-5027

Dear Mr. Ledger:

Re: Requests For Hearings

This is a final response to your requests that the Federal Aviation Administration (FAA) convene hearings to resolve the matters raised in your electronic mail (e-mail) to Lewis Ziegler on August 9, 2002, regarding the operations of the Philippine registered Caribou owned by your client, Jans Helicopter Service and your letters to me dated August 13, 2002, regarding the Caribou and raising another matter, the letter issued by the Honolulu Flight Standards District Office to another of your clients, Americopters LLC, directing them to cease operating from the heliport located on the roof of Chuck's Steakhouse in Upper Tumon, Guam.

In support of your requests for hearings in these matters, you cite to Federal Aviation Regulation (FAR) 13.20(b). This FAR is part of Subpart C of Part 13. Subpart C applies to legal enforcement actions, and FAR 13.20 sets forth the procedures for requesting a hearing where the FAA has issued orders of compliance, cease and desist orders, orders of denial, and other orders. Only the following individuals have authority to issue such orders, the Chief Counsel, the Deputy Chief Counsel, and each Assistant Chief Counsel (including Regional and Center Counsels). See FAA Order 2150.3A, para. 1209(b). No such orders were issued with respect to the operations of the Caribou by Jans Helicopter Service or with respect to Americopters flights using the Chuck's Steakhouse heliport.

GOVERNMENT EXHIBIT B

2

Neither Mr. Ziegler's e-mail to the Guam International Airport Authority nor Mr. Kanae's letter to Mr. Rufus Crowe constitutes an order as that term is contemplated by the Part 13, Subpart C. Therefore your requests are denied.

If you consider filing a formal complaint under FAR 13.5, you should be aware that that section does not apply to complaints against the Administrator or complaints against FAA employees acting within the scope of their employment. FAR 13.5(a).

Sincerely,

Monroe P. Balton
Regional Counsel