# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| JAN'S HELICOPTER SERVICE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL AVIATION ADMINISTRATION, <br><br> Defendant. | Civil Case No. 03-00002 <br><br> **ORDER RE: AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO TRANSFER** |

On May 8, 2007, this matter came before the court for a hearing on the Defendant's, Federal Aviation Administration's ("FAA"), Amended Motion to Dismiss for Failure to State a Claim, or, in the Alternative, to Transfer. The Defendant argued that the case should be dismissed or in the alternative the case transferred to the United States Court of Federal Claims ("Court of Federal Claims"). Having considered the parties' arguments and submissions, as well as relevant caselaw and authority, the court hereby **GRANTS** the Motion in the Alternative, to Transfer and issues the following decision.

## BACKGROUND

Plaintiff, Jan's Helicopter Service, Inc. ("Jan's) is the legal and registered owner of a deHavilland Caribou DCH-4A (the "Caribou"), a transport plane. Jan's used the Caribou to transport helicopters, also owned by Jan's, to various locations in Micronesia where the helicopters are commercially used to spot fish in support of commercial fishing operations.

On or about July 31, 2002, Mr. Zeigler, an Aviation Safety Inspector with the FAA, issued

a directive to the Guam International Airport Authorities ("GIAA") contending that Jan's Caribou was not "authorized to operate [on Guam]." *See* First Amended Complaint, Exhibit B attached thereto. Since Mr. Zeigler suspected the Caribou to be a foreign operation that had no approval from the FAA, he stated that the Caribou operator was not authorized to operate from Guam. *Id.* The FAA did not provide Jan's with any prior notice concerning revocation of its operating authority and grounding. *See* First Amended Complaint, at ¶ 11.

As a result of Mr. Zeigler's July 31, 2002 e-mail, on August 9, 2002, GIAA grounded the Caribou and denied the aircraft and its crew access to the taxiway and runway. Jan's claims the FAA, through its employee Mr. Ziegler, acted in an arbitrary and capricious manner and otherwise unlawfully. *See* First Amended Complaint, at ¶ 11.

As a result of the events described, Jan's requested administrative review and relief and any form of opportunity to be heard. The FAA denied Jan's any opportunity to be heard and endorsed Mr. Ziegler's actions.

Thus, on February 4, 2003, Jan's filed its Complaint in this court alleging four counts: (1) that Mr. Zeigler violated 14 C.F.R. § 13.5 by issuing an unauthorized grounding order; (2) that the grounding order violated 14 C.F.R. § 13.20(b) as it was issued without prior notice and an opportunity to respond; (3) that the grounding order violated due process under 14 C.F.R. § 13.20(b); and (4) that the grounding order violated the due process clause of the Fifth Amendment by failing to follow procedures set forth in the CFRs (Code of Federal Regulations). The Complaint sought an order rescinding the July 31, 2002 unauthorized grounding order and full restoration of its operating authority, civil penalties, actual and consequential damages, and attorney's fees and costs.

On May 30, 2003, the FAA filed a Motion to Dismiss on the basis that only the federal appellate courts have jurisdiction over final agency decisions and actions. Therefore, the FAA claimed that this court lacked jurisdiction under Fed. R. Civ. P. 12(b)(1). The district court granted the motion. *See* Docket No. 14. The Plaintiff appealed to the Ninth Circuit. The Court of Appeals affirmed in part, but reversed the dismissal of the takings claim and remanded the matter to this court. *See Americopters, LLC v. FAA*, 441 F.3d 726, 738 (9th Cir. 2006). The Court of Appeals

2

ruled that the takings claim was not inescapably intertwined with an administrative challenge to a FAA order because there was no pending FAA order and no previous agency determination on the merits. *Id.*

Thereafter the Plaintiff filed a First Amended Complaint on February 22, 2007. On March 13, 2007, the FAA answered the First Amended Complaint and filed the present motion before the court.

## DISCUSSION

The FAA brings this motion pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the Plaintiff's complaints fail to state claims upon which relief can be granted. Additionally, in the alternative, the Defendant claims that the Court of Federal Claims possesses exclusive jurisdiction over this matter and thus, the case should be transferred.

<u>Legal Standard for Transfer of These Cases to the Court of Federal Claims</u>.

The court first considers the relief requested in the alternative to transfer the case to the Court of Federal Claims. The Federal transfer statute provides in part:

> Whenever a civil action is filed in court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631.

The FAA claims that the threshold question of what court has jurisdiction depends upon the amount in controversy and characterization of the relief sought. Specifically, the FAA argues that the case should be transferred to the Court of Federal Claims because the claimed damages are greater than $10,000 and the claim alleged is one of a "takings" in violation of due process under the Fifth Amendment to the United States Constitution.

**Tucker Act**

The Tucker Act, 28 U.S.C. § 1491 gives the Court of Federal Claims jurisdiction over any monetary claim brought against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28

3

U.S.C. § 1491(a)(1); *Kidwell v. Dep't of the Army, Bd. for Corr. of Military Records*, 56 F.3d 279, 283-284 (D.C.Cir.1995). The Little Tucker Act, 28 U.S.C. § 1346(a)(2), gives district courts concurrent jurisdiction with the Court of Federal Claims in most Tucker Act cases seeking less than $10,000. 28 U.S.C. § 1346(a)(2). District courts also retain concurrent jurisdiction with the Court of Federal Claims for suits against the United States that are primarily equitable. *Bliss v. England*, 208 F.Supp.2d 2, 6 (D.D.C.2002). But, the Court of Federal Claims has exclusive jurisdiction for any suit that seeks more than $10,000 from the United States. *Kidwell*, 56 F.3d at 283-284. Here, the Plaintiff is seeking damages well in excess of $10,000.[1]

A court considers a number of factors when analyzing a plaintiff's pleading. *Kidwell*, 56 F.3d at 284. For example, the court considers whether the plaintiff explicitly, "or in essence" requests monetary relief. *Id.* Additionally, the court considers whether the plaintiff will gain financially should he prevail. *Id.* Further, the court determines whether the equitable relief the plaintiff seeks has considerable value independent of the monetary relief. *Id.* If the court concludes that the plaintiff primarily seeks monetary relief, exclusive jurisdiction lies in the Court of Federal Claims.[2]

It is undisputed that the Plaintiff's claim is against the United States Government because it seeks compensation from the FAA, a federal agency. And a decision in favor of the Plaintiff would entitle it to monetary compensation from the FAA in excess of $10,000. The question before this court is whether the Plaintiff's cause of action is of a type, the Court of Federal Claims has jurisdiction over.

---

[1] Plaintiff's disclosures allege claims that exceed $10,000. *See* Motion, Exhibit 1 attached thereto.

[2] When a plaintiff's monetary claim is worth more than the jurisdictional maximum of $10,000, but the plaintiff would like to litigate the case in district court, the plaintiff may waive the right to recover monies exceeding $10,000. *Stone v. United States*, 683 F.2d 449, 451 (D.C.Cir.1982) (stating that voluntary waivers by plaintiffs whose monetary relief exceeds $10,000 are well established under Tucker Act case law).

4

The Plaintiff is alleging a takings claim.[3] In its complaint, the Plaintiff claims that the "actions of the FAA, through Mr. Ziegler as an employee of the FAA acting within the scope of his employment, constitute violations of due process under Amendment V to the United States Constitution and therefore, an illegal taking of Jans property." First Amended Complaint, at ¶ 19. The Fifth Amendment of the United States Constitution bars the government from taking private property for public use without paying just compensation. U.S. CONST. amend. V ("nor shall private property be taken for public use, without just compensation"). To obtain just compensation, a plaintiff alleging a taking of its property may bring suit against the government in the United States Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984). "If there is a taking, the claim is 'founded upon the Constitution' and within the jurisdiction of the Court of Claims to hear and determine." *United States v. Causby*, 328 U.S. 256, 267 (1946).

Because the Plaintiff is alleging a Fifth Amendment takings claim and is seeking compensation over $10,000 from the United States, the court finds that the Court of Federal Claims has jurisdiction over this matter. Accordingly, the court grants the Defendant's motion in the alternative to transfer this case.[4]

///
///
///
///

---

[3] The cause of action that survived Ninth Circuit review, was the "takings" claim. *Americopters, LCC., v. FAA*, 441 F.3d 726, 738 (9th Cir. 2006) ("We AFFIRM the district court's dismissal of the complaint[], except the constitutional claims for damages (taking claims), with regard to which we REVERSE and REMAND for further consideration").

[4] The court appreciates the procedural quagmire the Plaintiff finds itself, and is unimpressed with the legal maneuvering undertaken by the Defendant. This case is clearly an example of bureaucracy run amok.

# CONCLUSION

Based on the foregoing, the court finds that the Federal Court of Claims has jurisdiction over the Plaintiff's claim. Accordingly, the court Grants the Defendant's motion in the alternative to transfer this matter.[5]

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
    **Chief Judge**
**Dated: May 11, 2007**

---

[5] Although the Defendant also moved to dismiss this matter, the court need not address that request in light of the court's order to transfer the case.